IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **OCTAVIOUS DEMETRIUS SAPP,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:04-CR-00016 (CAR) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | Proceedings Under 28 U.S.C. § 2255 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is a letter filed by Petitioner Octavious Demetrius Sapp requesting that Petitioner be permitted to file an untimely motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.[1] Doc. 92. The Court construes Petitioner's letter as a motion to file an untimely motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2004, a jury in the United States District Court for the Middle District of Georgia convicted Petitioner of one count of possession with intent to distribute more than fifty grams of crack cocaine and one count of possessing and carrying a firearm during and in furtherance of a drug trafficking crime. Doc. 50. At trial, Petitioner was represented by attorney Debra Gómez who filed a motion to withdraw as Petitioner's first appointed counsel on August 25, 2004. Doc. 59. In the motion to withdraw, Gómez stated that she could no longer adequately represent Petitioner's interests because the Court wrote a letter of complaint to the Attorney Discipline Grievance Committee about her participation in the case after the trial concluded. Id.

---

[1] The pleadings spell Petitioner's name as "Octavious Demetrius Sapp" or "Octavius Demetrice Sapp." This recommendation uses the spelling of Petitioner's name that appears in the Court's criminal docket.

The Court granted the motion to withdraw and appointed attorney Lester Miller as Petitioner's second appointed counsel. Doc. 60.

On November 3, 2004, the Court sentenced Petitioner to 181 months imprisonment followed by 5 years of supervised release. Doc. 64. The Court entered its original judgment on November 5, 2004. Id. Petitioner filed a timely notice of appeal. Doc. 65. On September 14, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction, but the Eleventh Circuit expressly declined to consider Petitioner's ineffective assistance of trial counsel claim, reasoning that "[i]f there is insufficient evidence in the record to consider this claim on direct appeal, it should be resolved in a 28 U.S.C. § 2255 collateral proceeding, where an evidentiary hearing may be held." Doc. 88.

There is no indication in the record that Petitioner filed a petition for writ of certiorari with the United States Supreme Court. On January 3, 2008, Petitioner executed a letter addressed to the Clerk of the Court, requesting a copy of the criminal docket in this case. Doc. 89. The Court replied to the letter on January 7, 2008. Doc. 90. Petitioner subsequently contacted the Court on October 5, 2011, when Petitioner executed another letter addressed to the Clerk of the Court. In his letter, Petitioner sought permission to file an untimely motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in order to pursue his ineffective assistance of trial counsel claims. Doc. 92.

ANALYSIS

Because the record establishes that Petitioner failed to file a section 2255 motion within one year after his conviction became final or within one year after the date on which the facts supporting his ineffective assistance of trial counsel claims could have been discovered through the exercise of due diligence, and because the record further establishes that equitable tolling is

not warranted under the specific facts of this case, Petitioner's motion to file an untimely motion to vacate, set aside, or correct a sentence should be denied.

    A.  <u>Petitioner's Section 2255 Motion Is Untimely</u>

Pursuant to 28 U.S.C. § 2255, as amended on April 24, 1996, a one-year limitations period applies to all motions filed under this section. More specifically, 28 U.S.C. § 2255(f) provides that the one-year limitations period "shall run" from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[<u>Id</u>.]

In this case, Petitioner does not allege that there was any impediment to filing his motion "created by governmental action" or that his motion involved a newly recognized right "made retroactively applicable" by the Supreme Court. As such, neither 28 U.S.C. § 2255(f)(2) nor 28 U.S.C. § 2255(f)(3) apply here, and the relevant inquiry becomes whether Petitioner filed a section 2255 motion within the one-year limitations period as set forth in 28 U.S.C. § 2255(f)(1) or 28 U.S.C. § 2255(f)(4).

The record establishes that Petitioner did not file his section 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final on December 13, 2005, which is ninety days

after the entry of the Eleventh Circuit's judgment on direct appeal and when the time for filing a petition for certiorari with the United States Supreme Court expired. <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003); <u>Kaufmann v. United States</u>, 282 F.3d 1336, 1339 (11th Cir. 2002). As a result, in order to comply with the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1), Petitioner would have needed to file a section 2255 motion no later than December 13, 2006, which is one year after the date on which his judgment of conviction became final. To date, Petitioner has not filed a section 2255 motion. Assuming for the sake of argument that Petitioner had filed his section 2255 motion contemporaneously with his motion to file an out-of-time motion to vacate, set aside, or correct a sentence on October 5, 2011, Petitioner's section 2255 motion would have been approximately 1,757 days out of time under 28 U.S.C. § 2255(f)(1). Accordingly, the record establishes that Petitioner's not yet filed section 2255 motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

The record also establishes that Petitioner did not file a section 2255 motion within one year of "the date on which the facts supporting the claim […] presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Any inquiry concerning timeliness under 28 U.S.C. § 2255(f)(4) should begin "by determining whether the petitioner exercised due diligence[.]" <u>Aron v. United States</u>, 291 F.3d 708, 711 (11th Cir. 2002). To exercise due diligence, Petitioner need not "undertake repeated exercises in futility or to exhaust every imaginable option, but rather [Petitioner needs] to make reasonable efforts." <u>Id</u>. at 712. Further, "the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." <u>Id</u>. (internal quotation omitted).

Petitioner's Motion not only fails to show that Petitioner made "reasonable efforts" to ascertain the facts supporting his ineffective assistance of trial counsel claims before filing the

instant motion, Aron, 291 F.3d at 712, but also fails to include any "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Id. at 715, n. 6. There is no evidence in the record to demonstrate that either "the conditions of confinement" or "the reality of the prison system" precluded Petitioner from filing his not yet filed section 2255 motion. Id. at 712. To the contrary, the record establishes that Petitioner wrote a letter addressed to the Clerk of the Court about obtaining a copy of the criminal docket sheet in this case on January 3, 2008. Doc. 89. Petitioner offers no explanation whatsoever concerning the more than three year delay between the Eleventh Circuit's entry of judgment on direct appeal and Petitioner's subsequent efforts to contact the Court about obtaining his criminal docket sheet. Similarly, Petitioner offers no explanation whatsoever concerning the almost four year delay between when his letter to the Court about obtaining his criminal docket sheet and his filing of the instant motion. Insofar as Petitioner invokes his ignorance of the law as a reason for not pursuing a 2255 motion sooner, it is well-established that "'procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness.'" Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005), quoting Johnson v United States, 544 U.S. 295, 311 (2005). Accordingly, the record establishes that Petitioner's not yet filed section 2255 motion is untimely pursuant to 28 U.S.C. § 2255(f)(4) as well.

   B. Equitable Tolling Is Not Warranted

Additionally, the record establishes that equitable tolling is not warranted under the specific facts of this case. In rare cases, "[t]he statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (quotation and citation omitted). "Equitable tolling is only available if the

petitioner establishes (1) extraordinary circumstances and (2) due diligence." Id., citing Diaz v. Secretary for Department of Corrections, 362 F.3d 698, 702 (11th Cir. 2004). Where, as here, Petitioner's delay in filing a section 2255 motion exhibits a lack of due diligence, the Court need not consider whether extraordinary circumstances exist. See Outler, 485 F.3d at 1280, citing Diaz, 362 F.3d at 702 n. 7. Even so, after careful review of the record and the instant motion, there is no basis to conclude that Petitioner has alleged any specific facts tending to show either extraordinary circumstances or due diligence. Accordingly, Petitioner fails to satisfy his burden of establishing his entitlement to equitable tolling, which is an extraordinary remedy to be applied sparingly. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2003).

## CONCLUSION

Because the record establishes that Petitioner failed to file a Section 2255 motion within one year after his conviction became final or within one year after the date on which the facts supporting his ineffective assistance of trial counsel claims could have been discovered through the exercise of due diligence, and because the record also establishes that equitable tolling is not warranted here, it is hereby **RECOMMENDED** that Petitioner's motion to file an untimely motion to vacate, set aside, or correct a sentence be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of February, 2013.

                                                s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge